254 S.W.2d 36 (1953)
McBRIDE
v.
CLARIDA.
No. 7092.
Springfield Court of Appeals, Missouri.
January 15, 1953.
Ted M. Henson, of Poplar Bluff, Esco V. Kell, of West Plains, for appellant.
O. A. Tedrick, of Poplar Bluff, Green & Green by Will H. D. Green and H. D. Green, of West Plains, for respondent.
BLAIR, Judge.
The petition in two counts was filed February 21, 1951, in Howell County, Missouri. In the first count plaintiff asked for actual damages in the sum of $7500.00. In the second count plaintiff asked for punitive or exemplary damages in the sum of $3,500.00. Defendant, who is appellant here, filed answer June 7, 1951.
Application for a change of venue was next filed and the case was sent to Butler County. There it was tried by the judge of that court and a jury, resulting in a verdict for actual damages for plaintiff on the first count in the sum of $5,000.00 and for defendant on the second count. Being unsuccessful in his motion for a new trial, defendant has appealed to this Court. The defendant did not appear and argue the case in the appellate court, but filed his brief. Plaintiff filed no motion for a new trial on the action of the jury in finding for defendant on the second count of the petition, and the question of punitive damages dropped out of the case.
The petition alleged that defendant carelessly and negligently operated a truck so that it collided with an automobile, in which plaintiff was riding, as the guest of her husband, inflicting the injuries claimed to have been sustained by her.
In the second count plaintiff claimed that defendant's act was wanton and malicious, because he operated said truck "immediately after imbibing intoxicating liquor," and plaintiff asked for punitive damages in that count, which claim is not now before us. The allegations of the answer denied any negligence on the part of defendant and charged all manner of negligence on the part of plaintiff.
In his motion for new trial, overruled by lapse of time, the defendant complains of improper evidence admitted by the trial court and of "each and every instruction given by the Court."
The principal complaint seems to be the size of the verdict for actual damages. Defendant's brief is largely devoted to a discussion of that claim, and we will first consider that contention.
Although defendant charges plaintiff with all sorts of negligence, we will pass that issue, assuming for the present, that defendant was guilty of actionable negligence and that no error in the admission of testimony was committed by the trial court and that the instructions were proper.
We will consider first the verdict of the jury for actual damages, pleaded in the first count of the petition. This enables us to put aside, for the present, all of the testimony bearing upon the collision itself. We, therefore, need not consider the testimony of the alleged intoxication of defendant, nor the evidence of Glen Best, Vanis Owens, Clyde Brill, Bert Pratt, Elmer Martin or Edgar Anderson, all of which testimony related to the collision itself or the claimed intoxication of defendant. This will enable us to go at once to the testimony of Don McBride (plaintiff's husband), *37 plaintiff herself and the doctors who waited on her.
From the testimony of plaintiff and her husband, the jury had the right to find that she suffered considerable pain, had permanent injuries to her nose, suffered headaches and a nervous condition for several months, and lost at least six weeks of employment.
Plaintiff was taken, the night of the collision, to a hospital in West Plains, from which she was discharged in a very short time and sent to her home. None of the doctors or nurses at the hospital testified orally or by deposition concerning plaintiff's claimed injuries.
Plaintiff consulted several physicians who were available. They did not appear at the trial, either as oral witnesses or by deposition. None of the plaintiff's employers appeared to testify as to the time she lost from employment.
Plaintiff produced the deposition of Dr. Yancey of Springfield. He did not see plaintiff until several days, possibly longer, after the collision occurred. Plaintiff went only once to see Dr. Yancey, giving as her excuse that it was quite expensive to go from West Plains to Springfield. He testified by deposition.
Dr. Newmeyer, also testified by deposition; but his testimony did not describe severe injuries. Both Dr. Yancey and Dr. Newmeyer relied largely upon what the plaintiff told them.
Plaintiff and her husband moved to Mountain Home, Arkansas, soon after the accident; but not a single witness from Mountain Home appeared as a witness or by deposition to tell about plaintiff's condition in Arkansas. No neighbors in West Plains testified about the condition of plaintiff in West Plains.
From all of these facts, we are convinced that the jury returned too large a verdict for plaintiff for actual damages.
While no verdict for punitive damages was returned by the jury, one can hardly read this long record without coming to the conclusion that the nine jurors, who joined in the verdict, were more or less influenced by the fact that they had just acquitted defendant of intoxication and wanton and malicious action by finding for him on the second count of the petition.
Plaintiff first cites Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W.2d 1015, loc. cit. 1023. In that case, the Supreme Court reduced a verdict of $10,000.00 to $7,500.00.
Plaintiff next cites Emerson v. Mound City, Mo.Sup., 26 S.W.2d 766, 767, written by the writer of this opinion, when he was a member of the Supreme Court of Missouri. There a judgment for $10,000.00 was affirmed. The injuries in that case were much more severe than were sustained by plaintiff in this case. Evidently, appellant in the Emerson case had marshaled a number of cases where the verdict was held to be excessive, for we said:
"Appellant has not sought to show that the damages allowed are excessive by comparison with past awards in similar cases which have been under the scrutiny of appellate courts. We have often had occasion to say that the marshaling of adjudicated cases is of little aid in determining the propriety of the award in any other case because the facts in respect to the injuries suffered, the age and condition in life of the injured person, and the surrounding circumstances are not fairly comparable, and such cases do not afford an accurate guide. Each case must be determined upon its own peculiar state of facts."
In Hamilton v. Patton Creamery Co., 359 Mo. 526, 222 S.W.2d 713, cited by plaintiff, the jury had returned a verdict for plaintiff for $10,000.00 and that verdict was reduced to $6,998.00.
The Supreme Court of Missouri did that very thing in the late case of Russell v. St. Louis Public Service Co., 251 S.W.2d 595, on page 600, and the reasoning of that Court fully justifies reduction of the verdict in this case.
The late Judge Fulbright, then Presiding Judge of this Court, wrote the opinion in Clader v. City of Neosho, Mo.App., 198 S.W.2d 523. The injuries in that case were *38 shown to have been very severe, and a judgment for $5,000.00 was approved.
It is useless to review all of the cases. Each case must stand or fall on the particular facts of that case. A judgment of $5,000.00 for actual damages, on the facts in this case, appears to us to be excessive. A careful review of the testimony, contained in the long transcript, satisfies us that the trial judge committed no error in the admission or exclusion of testimony, and that the instructions given were based on the evidence in the case and were proper.
Therefore, if the respondent will, within fifteen days from the date of the filing of this opinion, enter a remittitur of $2,000.00 from the judgment, the plaintiff may have a judgment for $3,000.00 and such judgment will be affirmed; otherwise, the judgment rendered by the trial court will be reversed and the cause remanded for another trial, because of the excessiveness of the verdict returned by the jurors in the trial under consideration.
It is so ordered.
VANDEVENTER, P. J., and McDOWELL, J., concur.